**Hua Wu YANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Docket No. 04–0372–AG.

United States Court of Appeals, Second Circuit.

Oct. 4, 2005.

Gary J. Yerman, New York, N.Y., (on submission), for Petitioner.

T.G. Luedke, Assistant United States, Attorney for Eric F. Melgren, United States Attorney, District of Kansas, Topeka, Kan. (on submission), for Respondent.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is **GRANTED**, the order denying Petitioner's motion to reopen **VACATED**, and the case **REMANDED** to the BIA.

Petitioner Hua Wu Yang ("Yang"), a citizen of the People's Republic of China, appeals from a December 30, 2003 order of the Board of Immigration Appeals ("BIA" or "Board") denying his second motion to reopen his removal proceeding. We grant Yang's petition for review.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on review.

Yang sought to reopen on the grounds that the Second Circuit's decision in *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140 (2d Cir.2003), and the BIA's decision in *In re Y–T–L–*, 23 I. & N. Dec. 601, 2003 WL 21206539 (BIA 2003) (en banc), both handed down after his removal had been entered, would change the outcome of his request for asylum, which had been denied by the immigration judge. In its order denying reopening, the BIA observed that the motion was not Yang's first, and that it

was not filed within 90 days of the Board's removal order, as required by 8 C.F.R. § 1003.2(c)(2). The BIA went on to note that *In re Y–T–L–* would have no application to his case, and, laboring under the mistaken belief that Yang's case arose within the jurisdiction of the Fifth Circuit, also stated that *Qiu* had no precedential value for Yang.

While 8 C.F.R. § 1003.2(c)(2) does place time and number limits on motions to re-open brought by asylum-seekers, the regulations also provide that the BIA may re-open removal proceedings *sua sponte.* 8 C.F.R. § 1003.2(a). And the BIA has used that authority in the past, following significant changes in asylum law, to permit reopening notwithstanding noncompliance with 8 C.F.R. § 1003.2(c)(2). *See, e.g., In re X–G–W–,* 22 I. & N. Dec. 71, 73, 1998 WL 378104 (BIA 1998) (en banc). The BIA declined to exercise that power here, be-lieving, wrongly, that *Qiu* originated in a different circuit than Yang's case, and hence would not have precedential effect that might directly affect its outcome. It would be inappropriate for us to decide at this time whether *Qiu* would, in fact, make a difference in Yang's case, or whether that difference, if any, would be such that the BIA, if not mistaken about the prove-nance of the instant case, would have been inclined to exercise its *sua sponte* power to reopen. These are decisions for the BIA to make in the first instance. They must, however, be made on the basis of correct facts. *SEC v. Chenery Corp.,* 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Because we do not know whether the BIA would have wished to reopen Yang's case *sua sponte* had it known that *Qiu* does apply, we must return the matter to the agency for decision.

For the foregoing reasons, Yang's petition for review is GRANTED, the BIA's order denying his motion to reopen is VA-CATED, and the case is REMANDED to the BIA for the agency to decide whether to reopen the case *sua sponte* in light of *Qiu.*